**FILED**

AUG 15 2023

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JUDGE MATTHEW F. KENNELLY
UNITED STATES DISTRICT COURT

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 22 CR 626 |
| v. | |
| AYANNA NESBITT | Judge Matthew F. Kennelly |

## PLEA AGREEMENT

1.  This Plea Agreement between the Acting United States Attorney for the Northern District of Illinois, MORRIS PASQUAL, and defendant AYANNA NESBITT, and her attorney, JORDAN GREENBERG, is made pursuant to Rule 11 of the Federal Rules of Criminal Procedure and is governed in part by Rule 11(c)(1)(A), as more fully set forth below. The parties to this Agreement have agreed upon the following:

### Charges in This Case

2.  The indictment in this case charges defendant with wire fraud, in violation of Title 18, United States Code, Section 1343 (Counts 1-5).

3.  Defendant has read the charges against her contained in the indictment, and those charges have been fully explained to her by her attorney.

4.  Defendant fully understands the nature and elements of the crimes with which she has been charged.

## Charge to Which Defendant Is Pleading Guilty

5. By this Plea Agreement, defendant agrees to enter a voluntary plea of guilty to the following count of the indictment: Count One, which charges defendant with wire fraud, in violation of Title 18, United States Code, Section 1343.

## Factual Basis

6. Defendant will plead guilty because she is in fact guilty of the charge contained in Count One of the indictment. In pleading guilty, defendant admits the following facts and that those facts establish her guilt beyond a reasonable doubt pursuant to Guideline § 1B1.3:

Between March 2019 and September 2021, in the Northern District of Illinois, Eastern Division, defendant knowingly devised, intended to devise, and participated in a scheme to defraud, and to obtain money and property from the Retirement Plan for Chicago Transit Authority Employees (the "Plan") by means of materially false and fraudulent pretenses, representations, and promises. On April 2, 2019, for the purpose of executing the scheme, defendant knowingly caused to be transmitted by means of wire communication in interstate commerce certain writings, signs, and signals, namely a transmission of payment and settlement instructions related to the transfer of $8,000, from a Plan bank account to an account held in the name of Individual AS maintained at Bank of America, in violation of Title 18, United States Code, Section 1343.

Specifically, at times material to defendant's offense conduct, the Plan was an independent government entity which oversaw pension and other benefits for retirees of the Chicago Transit Authority ("CTA"). The Plan was funded, in part, with money received from the CTA and its employees.

The Plan paid death benefits in the form of lump payments to the designated beneficiaries of deceased CTA retirees who had received pension or disability benefits. Employees who ceased working for the CTA prior to retirement could request that the Plan return the funds the employees had contributed towards their pensions. Upon the death of CTA retirees receiving pension payments, any final pension payment owed to such retirees would be paid to the retirees' designated beneficiaries.

Defendant was a CTA employee who worked as a retirement clerk at the Plan. Defendant's responsibilities included accessing the Plan's financial management systems to update retiree and beneficiary information and initiating requests to transfer Plan funds to: (i) designated death benefit beneficiaries; (ii) former CTA employees who had requested the return of their pension contributions; and (iii) beneficiaries of deceased pension payment recipients.

Between March 2019 and September 2021, defendant knowingly created and obtained approval for approximately 43 fraudulent requests for the Plan to: (a) make death benefit payments to purported beneficiaries of deceased CTA retirees and eligible employees; (b) refund pension contributions to purported former CTA employees; and (c) send payments to purported beneficiaries of deceased pension

payment recipients, knowing that all of such requests contained false representations regarding the purported beneficiaries' identities and entitlement to payments. Regarding each of defendant's fraudulent payment requests, defendant caused such payments to be transferred by means of interstate wire communication from a Plan bank account to financial accounts she controlled, or which were controlled by members of defendant's family and others. Defendant permitted such recipients to keep a portion of the funds and directed that the remainder be provided to her.

In September 2021, when the Plan questioned defendant about some of the fraudulent transactions, defendant created and provided the Plan with falsified records to conceal her scheme.

Defendant's fraudulent conduct caused the Plan an actual loss of approximately $356,934, including approximately $351,439 paid to defendant and those who received funds on defendant's behalf. After the Plan's discovery of her fraudulent conduct, defendant entered into a repayment agreement with the Plan pursuant to which she paid $115,059.90 to the Plan by obtaining a refund of her Plan pension contributions and interest.

## Maximum Statutory Penalties

7. Defendant understands that the charge to which she is pleading guilty carries the following statutory penalties:

    a. A maximum sentence of 20 years' imprisonment. This offense also carries a maximum fine of $250,000, or twice the gross gain or gross loss resulting from that offense, whichever is greater. Defendant further understands that the judge also may impose a term of supervised release of not more than three years.

    b. Defendant further understands that the Court must order restitution to the victims of the offense in an amount determined by the Court.

    c. Pursuant to Title 18, United States Code, Section 3013, defendant will be assessed $100 on the charge to which she has pled guilty, in addition to any other penalty or restitution imposed.

## Sentencing Guidelines Calculations

8. Defendant understands that in determining a sentence, the Court is obligated to calculate the applicable Sentencing Guidelines range, and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a), which include: (i) the nature and circumstances of the offense and the history and characteristics of the defendant; (ii) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the

5

defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (iii) the kinds of sentences available; (iv) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (v) the need to provide restitution to any victim of the offense.

9. For purposes of calculating the Sentencing Guidelines, the parties agree on the following points:

a. **Applicable Guidelines.** The Sentencing Guidelines to be considered in this case are those in effect at the time of the offense. The following statements regarding the calculation of the Sentencing Guidelines are based on the 2021 Guidelines Manual.

b. **Offense Level Calculations.**

i. The base offense level is 7, pursuant to Guideline § 2B1.1(a)(1).

ii. The offense level is increased by 12 levels, pursuant to Guideline § 2B1.1(b)(1)(G), because the loss attributable to the offense conduct was more than $250,000.

iii. Defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for her criminal conduct. If the government does not receive additional evidence in conflict with this provision, and if defendant continues to accept responsibility for her actions within the meaning of

6

Guideline § 3E1.1(a), including by furnishing the United States Attorney's Office and the Probation Office with all requested financial information relevant to her ability to satisfy any fine or restitution that may be imposed in this case, a two-level reduction in the offense level is appropriate.

    iv.  In accord with Guideline § 3E1.1(b), defendant has timely notified the government of her intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the Court to allocate its resources efficiently. Therefore, as provided by Guideline § 3E1.1(b), if the Court determines the offense level to be 16 or greater prior to determining that defendant is entitled to a two-level reduction for acceptance of responsibility, the government will move for an additional one-level reduction in the offense level.

  c.  **Criminal History Category.** With regard to determining defendant's criminal history points and criminal history category, based on the facts now known to the government, defendant's criminal history points equal zero and defendant's criminal history category is I.

  d.  **Anticipated Advisory Sentencing Guidelines Range.** Therefore, based on the facts now known to the government, the anticipated offense level is 16, which, when combined with the anticipated criminal history category of I, results in an anticipated advisory sentencing guidelines range of 21 to 27 months' imprisonment, in addition to any supervised release, fine, and restitution the Court may impose.

e. Defendant and her attorney and the government acknowledge that the above guidelines calculations are preliminary in nature and are non-binding predictions upon which neither party is entitled to rely. Defendant understands that further review of the facts or applicable legal principles may lead the government to conclude that different or additional guidelines provisions apply in this case. Defendant understands that the Probation Office will conduct its own investigation and that the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final guideline calculation. Accordingly, the validity of this Agreement is not contingent upon the probation officer's or the Court's concurrence with the above calculations, and defendant shall not have a right to withdraw her plea on the basis of the Court's rejection of these calculations.

10. Both parties expressly acknowledge that this Agreement is not governed by Fed. R. Crim. P. 11(c)(1)(B), and that errors in applying or interpreting any of the sentencing guidelines may be corrected by either party prior to sentencing. The parties may correct these errors either by stipulation or by a statement to the Probation Office or the Court, setting forth the disagreement regarding the applicable provisions of the guidelines. The validity of this Agreement will not be affected by such corrections, and defendant shall not have a right to withdraw her plea, nor the government the right to vacate this Agreement, on the basis of such corrections.

## Agreements Relating to Sentencing

11. Each party is free to recommend whatever sentence it deems appropriate.

12. It is understood by the parties that the sentencing judge is neither a party to nor bound by this Agreement and may impose a sentence up to the maximum penalties as set forth above. Defendant further acknowledges that if the Court does not accept the sentencing recommendation of the parties, defendant will have no right to withdraw her guilty plea.

13. Regarding restitution, defendant acknowledges that the total amount of restitution owed to the Retirement Plan for Chicago Transit Authority Employees is $356,934.15, minus any credit for funds repaid prior to sentencing, and that pursuant to Title 18, United States Code, Section 3663A, the Court must order defendant to make full restitution in the amount outstanding at the time of sentencing.

14. Restitution shall be due immediately and paid pursuant to a schedule to be set by the Court at sentencing. Defendant acknowledges that pursuant to Title 18, United States Code, Section 3664(k), she is required to notify the Court and the United States Attorney's Office of any material change in economic circumstances that might affect her ability to pay restitution.

15. Defendant agrees to pay the special assessment of $100 at the time of sentencing with a cashier's check or money order payable to the Clerk of the U.S. District Court.

16. Defendant agrees that the United States may enforce collection of any fine or restitution imposed in this case pursuant to Title 18, United States Code, Sections 3572, 3613, and 3664(m), notwithstanding any payment schedule set by the Court.

17. After sentence has been imposed on the count to which defendant pleads guilty as agreed herein, the government will move to dismiss the remaining counts of the indictment, as well as the forfeiture allegation as to defendant.

## Acknowledgments and Waivers Regarding Plea of Guilty

### Nature of Agreement

18. This Agreement is entirely voluntary and represents the entire agreement between the United States Attorney and defendant regarding defendant's criminal liability in case 22CR626.

19. This Agreement concerns criminal liability only. Except as expressly set forth in this Agreement, nothing herein shall constitute a limitation, waiver, or release by the United States or any of its agencies of any administrative or judicial civil claim, demand, or cause of action it may have against defendant or any other person or entity. The obligations of this Agreement are limited to the United States Attorney's Office for the Northern District of Illinois and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities, except as expressly set forth in this Agreement.

20. Defendant understands that nothing in this Agreement shall limit the Internal Revenue Service in its collection of any taxes, interest or penalties from defendant.

## Waiver of Rights

21. Defendant understands that by pleading guilty she surrenders certain rights, including the following:

   a. **Trial rights**. Defendant has the right to persist in a plea of not guilty to the charges against her, and if she does, she would have the right to a public and speedy trial.

   i. The trial could be either a jury trial or a trial by the judge sitting without a jury. However, in order that the trial be conducted by the judge sitting without a jury, defendant, the government, and the judge all must agree that the trial be conducted by the judge without a jury.

   ii. If the trial is a jury trial, the jury would be composed of twelve citizens from the district, selected at random. Defendant and her attorney would participate in choosing the jury by requesting that the Court remove prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges.

   iii. If the trial is a jury trial, the jury would be instructed that defendant is presumed innocent, that the government has the burden of proving defendant guilty beyond a reasonable doubt, and that the jury could not convict her

11

unless, after hearing all the evidence, it was persuaded of her guilt beyond a reasonable doubt and that it was to consider each count of the indictment separately. The jury would have to agree unanimously as to each count before it could return a verdict of guilty or not guilty as to that count.

    iv.  If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, and considering each count separately, whether or not the judge was persuaded that the government had established defendant's guilt beyond a reasonable doubt.

    v.  At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and her attorney would be able to cross-examine them.

    vi.  At a trial, defendant could present witnesses and other evidence in her own behalf. If the witnesses for defendant would not appear voluntarily, she could require their attendance through the subpoena power of the Court. A defendant is not required to present any evidence.

    vii.  At a trial, defendant would have a privilege against self-incrimination so that she could decline to testify, and no inference of guilt could be drawn from her refusal to testify. If defendant desired to do so, she could testify in her own behalf.

    b. **Appellate rights.** Defendant further understands she is waiving all appellate issues that might have been available if she had exercised her right to trial and may only appeal the validity of this plea of guilty and the sentence imposed. Defendant understands that any appeal must be filed within 14 calendar days of the entry of the judgment of conviction.

  22. Defendant understands that by pleading guilty she is waiving all the rights set forth in the prior paragraphs, with the exception of the appellate rights specifically preserved above. Defendant's attorney has explained those rights to her, and the consequences of her waiver of those rights.

**Presentence Investigation Report/Post-Sentence Supervision**

  23. Defendant understands that the United States Attorney's Office in its submission to the Probation Office as part of the Pre-Sentence Report and at sentencing shall fully apprise the District Court and the Probation Office of the nature, scope, and extent of defendant's conduct regarding the charges against her, and related matters. The government will make known all matters in aggravation and mitigation relevant to sentencing.

  24. Defendant agrees to truthfully and completely execute a Financial Statement (with supporting documentation) prior to sentencing, to be provided to and shared among the Court, the Probation Office, and the United States Attorney's Office regarding all details of her financial circumstances, including her recent income tax returns as specified by the probation officer. Defendant understands that

providing false or incomplete information, or refusing to provide this information, may be used as a basis for denial of a reduction for acceptance of responsibility pursuant to Guideline § 3E1.1 and enhancement of her sentence for obstruction of justice under Guideline § 3C1.1, and may be prosecuted as a violation of Title 18, United States Code, Section 1001 or as a contempt of the Court.

25. For the purpose of monitoring defendant's compliance with her obligations to pay a fine and restitution during any term of supervised release or probation to which defendant is sentenced, defendant further consents to the disclosure by the IRS to the Probation Office and the United States Attorney's Office of defendant's individual income tax returns (together with extensions, correspondence, and other tax information) filed subsequent to defendant's sentencing, to and including the final year of any period of supervised release or probation to which defendant is sentenced. Defendant also agrees that a certified copy of this Agreement shall be sufficient evidence of defendant's request to the IRS to disclose the returns and return information, as provided for in Title 26, United States Code, Section 6103(b).

### Other Terms

26. Defendant agrees to cooperate with the United States Attorney's Office in collecting any unpaid fine and restitution for which defendant is liable, including providing financial statements and supporting records as requested by the United States Attorney's Office.

27. Defendant will not object to a motion brought by the United States Attorney's Office for the entry of an order authorizing disclosure of documents, testimony and related investigative materials which may constitute grand jury material, preliminary to or in connection with any judicial proceeding, pursuant to Fed. R. Crim. P. 6(e)(3)(E)(i). In addition, defendant will not object to the government's solicitation of consent from third parties who provided records or other materials to the grand jury pursuant to grand jury subpoenas, to turn those materials over to the Civil Division of the United States Attorney's Office, or an appropriate federal or state agency (including but not limited to the Internal Revenue Service), for use in civil or administrative proceedings or investigations, rather than returning them to the third parties for later summons or subpoena in connection with a civil or administrative proceeding involving, or investigation of, defendant. Nothing in this paragraph or the preceding paragraph precludes defendant from asserting any legal or factual defense to taxes, interest, and penalties that may be assessed by the IRS.

28. Defendant understands that pursuant to Title 29, United States Code, Sections 504 and 1111, her conviction in this case will prohibit her from serving or being permitted to serve in certain offices, positions, and capacities relating to labor organizations, employee benefit plans, and other entities, as described in Title 29, United States Code, Sections 504 and 1111, for the period of thirteen years after conviction or after the end of any incarceration, whichever is later, unless the Court, pursuant to the Sentencing Guidelines and policy statements under Title 28, United

States Code, Section 994(a), determines that defendant's direct or indirect service with or to a labor organization or employee benefit plan would not be contrary to the purposes of Title 29, United States Code, Sections 504 and 1111. Defendant further understands that if she violates this prohibition, she may be punished by imprisonment for up to five years and a fine of up to $250,000.

### Conclusion

29. Defendant understands that this Agreement will be filed with the Court, will become a matter of public record, and may be disclosed to any person.

30. Defendant understands that her compliance with each part of this Agreement extends throughout the period of her sentence, and failure to abide by any term of the Agreement is a violation of the Agreement. Defendant further understands that in the event she violates this Agreement, the government, at its option, may move to vacate the Agreement, rendering it null and void, and thereafter prosecute defendant not subject to any of the limits set forth in this Agreement, or may move to resentence defendant or require defendant's specific performance of this Agreement. Defendant understands and agrees that in the event that the Court permits defendant to withdraw from this Agreement, or defendant breaches any of its terms and the government elects to void the Agreement and prosecute defendant, any prosecutions that are not time-barred by the applicable statute of limitations on the date of the signing of this Agreement may be commenced against defendant in accordance with this paragraph, notwithstanding the expiration of the statute of

limitations between the signing of this Agreement and the commencement of such prosecutions.

31. Should the judge refuse to accept defendant's plea of guilty, this Agreement shall become null and void and neither party will be bound to it.

32. Defendant and her attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this Agreement, to cause defendant to plead guilty.

33. Defendant acknowledges that she has read this Agreement and carefully reviewed each provision with her attorney. Defendant further acknowledges that she understands and voluntarily accepts each and every term and condition of this Agreement.

AGREED THIS DATE: AUGUST 15, 2023

JASON YONAN
Digitally signed by JASON YONAN
Date: 2023.08.03 15:49:53 -05'00'

_____
JASON YONAN, on behalf of
MORRIS PASQUAL
Acting United States Attorney

_____
CHRISTOPHER K. VEATCH
Assistant U.S. Attorney

_____
AYANNA NESBITT
Defendant

_____
JORDAN GREENBERG
Attorney for Defendant

17