**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.  1:22–cr–00626 |
| | ) | |
| vs. | ) | Judge Matthew F. Kennelly |
| | ) | |
| AYANNA NESBITT, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S SENTENCING MEMORANDUM**

The Defendant, Ayanna Nesbitt (the "Defendant"), through her counsel, Jordan Greenberg, herein submits to this Honorable Court her Sentencing Memorandum, through which she presents her positions on issues related to the determination of a reasonable and fair sentence. For the reasons set forth below, the Defendant respectfully requests that this Honorable Court impose a sentence of probation for a term of two years, with the conditions that she complete a certain amount of community service and pay restitution, pursuant to the factors identified in 18 U.S.C. §3553(a). A term of probation would appropriately recognize the history and characteristics of the Defendant, the nature and circumstances of the offense, and the need to impose a sentence sufficient, but not greater than necessary to be consistent with the purpose of sentencing.

**Background**

The Defendant is a 51-year-old female who was charged with 5 counts of wire fraud. It was alleged that between March 2019 and September 2021, the Defendant knowingly devised, intended to devise, and participated in a scheme to defraud, and to obtain money and property from the Retirement Plan for Chicago Transit Authority Employees (the "Plan") by means of materially false and fraudulent pretenses, representations and promises. At all relevant times, the Plan was an

independent government entity which oversaw pension and other benefits for retirees of the Chicago Transit Authority ("CTA"), and during all relevant times, the Defendant was a CTA employee who worked as a retirement clerk for the Plan. On August 15, 2023, the Defendant pled guilty to Count One, which charges the Defendant with wire fraud, in violation of Title 18, United States Code, Section 1343.

The Defendant was born in Chicago, Illinois on March 22, 1972 and currently resides at █████████████████████████, with her sister. The Defendant is the owner of the property. The Defendant was married in 2002, but subsequently divorced around 2013. The Defendant had no children with her former spouse, but she does have two children - ████████ (age 34), residing in Chicago and working as a therapist, and ████████ (age 29), residing in Chicago and working in information technology. The Defendant maintains close relationships with both of her children.

The Defendant does not have much contact with her biological father, but her mother, ████████, married a ████████ around the late 1970s, which the Defendant considers ██ her father. The Defendant was very close with ██ and ████████. Unfortunately, ██ ████████ died of unknown causes on or around January 5, 2021 and ████████ died shortly thereafter on or around January 31, 2021. Prior to their deaths, the Defendant cared for ██ and ████████, assisting them with their day-to-day activities, paying for various of their expenses, including medical, and providing transportation to their medical appointments.

The deaths of ██ and ████████ then left the Defendant as the primary caregiver of her sister, ████████ (age 53), who has various disabilities and health issues, rendering her unable to care for herself and also unable to work. Attached and incorporated herein as Exhibit A is a letter from Dr. ████████, dated May 18, 2023, who has been treating ████████ for

20 years. Per Dr. ███████ letter, Dr. ███████ has been treating ███████ for (a) ███████, (b) ███████████████████ (c) ███████████████████, (d) ███████ ███████ ███████, (e) ███████████████████ and (f) ███████ ███████████████████. Per Dr. ███████ letter, ███████ lost her eyesight over 25 years ago and that her physical and mental health have declined significantly since, to where ███████ is unable to care for herself. As such, ███████ currently lives full-time with her sister, the Defendant, who is her primary caregiver. Per Dr. ███████, ███████ requires full-time, around the clock monitoring, support in food preparation, personal hygiene care, financial responsibilities, and transportation to and from medical appointments, all of which the Defendant provides as ███████ primary caregiver.

The Defendant is currently unemployed. She receives $1,000.00 a month in spousal support as her only source of income. The Defendant previously received $414.00 biweekly in unemployment benefits, but that stopped on or around October 1, 2023. The Defendant was previously working as a truck driver for the City of Chicago, Department of Aviation. While the Defendant had expected to return to work in September of 2023, her job was not offered back to her. The Defendant is actively seeking new employment, as not only having to take care of her expenses and restitution in this case, but that the Defendant provides for her sister, ███████ and pays for her expenses too.

The Defendant has no prior criminal history, aside from this case. While the Presentence Investigation Report brought up an alleged April 10, 1998 child restraint violation, the Defendant does not recall ever receiving such a violation. With that said, the ticket referenced (see Cook County Case No. T006825145) was dismissed on June 22, 1998. This instant matter is the

Defendant's first conviction. The Defendant has demonstrated that she is a safe and valuable member of society, with no criminal convictions prior to this case.

The Defendant has been fully cooperative throughout the process, timely entering into a plea agreement and has accepted responsibility from the outset. Even before this case was initiated, the Defendant had accepted responsibility with the Plan by voluntarily entering into a civil settlement repayment agreement with the Plan on or around February 23, 2022, in which she agreed to partially repay the Plan by obtaining a refund of the Defendant's retirement benefits, a total amount of $143,824.87, less withholding of 20% for taxes, and using the proceeds to partially repay the plan. The amount partially paid to the Plan by the Defendant, less the amount withheld for taxes, amounted to $115,059.90. Furthermore, in addition to accepting responsibility before this case was initiated, the Defendant timely entered into a plea agreement in this case. Since the Defendant has thereby already paid partial restitution to the Plan, the total amount of the loss has decreased from $356,934.15 to $241,874.25.

Also attached and incorporated herein as Exhibit B are character letters for the Defendant from the following individuals: a) ███████████, the Defendant's close friend of almost 35 years, b) ██████████, the Defendant's uncle, c) ███████████, the Defendant's aunt, and d) ██████████, who the Defendant previously worked for his medical team from around 1993 to 1997, treats the Defendant's sister, ██████████, and who wrote another letter regarding his treatment of ██████████, also attached as an Exhibit A herein.

## Sentencing

Pursuant to 18 U.S.C. § 3553(a), the court, in determining the particular sentence to be imposed, shall consider the nature and circumstances of the offense and the history and characteristics of the Defendant. The court shall also consider the need to "(A) to reflect the

4

seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;"

The appliable advisory sentencing guideline – considering the nature of the offense, financial loss, acceptance of responsibility and lack of criminal history – called for a period of 21 to 27 months of imprisonment. However, note that an amendment to the applicable statutory guidelines will come in effect as of November 1, 2023, which  Subpart 1 of Part B of the amendment creates a new Chapter Four guideline at §4C1.1, providing for a decrease of two levels from the offense level determined for Chapters Two and Three for defendants who did not receive any criminal history points under Chapter 4, Part A and whose instant offense did not involve specified aggravated factors (see New §4C1.1). Thus, the applicable statutory guideline, once amended, would be at an offense level of 14, which, when combined with the criminal history category of I, would call for a period of 15-21 months of imprisonment. While this memorandum seeks that the Defendant be sentenced below the applicable guideline, the amended guideline should be viewed in this matter, as the sentencing hearing shall take place after November 1, 2023, after the amended guidelines becomes in effect.

With that said, the Defendant is a proper candidate to be imposed a sentence below the statutory guidelines. 18 U.S.C. § 3553(b) states in part that a District Court may impose a sentence outside of the applicable Guidelines range when "the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described."

As stated above, the Defendant is the primary caregiver for her disabled and ill sister. Imposing a prison sentence on the Defendant, a first-time criminal offender, would not only make it difficult for her to earn an income and pay any restitution, but would severely harm and prejudice her sister, ███████, and negatively impact her well-being. ███████ would therefore be left without a primary caregiver if the Defendant were removed from her home. Furthermore, the Defendant has not shied away from responsibility. As shown above, the Defendant has already voluntarily partially paid restitution to the Plan, before charges were even filed, has fully cooperated during the entire case process and has timely entered into a plea agreement. The Defendant is family-oriented and a well-respected individual who made a mistake. The character letters provided will show that the Defendant is a loved friend and family member, who grew up from loving parents, is an active member of her parent's ministry, and successfully raised two, college graduated and successful daughters, as a single mother. Coupled with the great need to care for her disabled sister and the Defendant's desire to get back to employment and pay restitution, the Defendant prays that this Honorable Court give a sentence of probation for a two-year term, with the condition that she complete community service and pay restitution.

Respectfully submitted:

/s/ Jordan Greenberg
Jordan Greenberg, Esq.
Bar No. 6317423
P.O. Box 5093
Vernon Hills, IL 60061
(847) 826-7825
jordangreenberglaw@gmail.com

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on October 24, 2023, he caused a copy of the foregoing Defendant's Sentencing Memorandum to be served on all parties via the Court's ECF System.

<u>/s/ Jordan Greenberg</u>

# EXHIBIT A



# EXHIBIT B



December 07, 2022

To: Presiding Judge
United States District Court for the Northern District of Illinois
219 South Dearborn Street
Chicago, Illinois 60604

My name is ███████████████ I am respectively submitting this letter as a character reference for Ms. Ayanna Nesbitt. Briefly, I am a ████████████████████████████████████████████
████ I have been in the practice of Rheumatology for 40 years. I am board certified in Internal Medicine and Rheumatology and a Founding Fellow of the American College of Rheumatology. Currently I sit on the board of the █████████████████████████████████████ devoted to the legacy of ███████████████ hrough the funding of scholarships for minorities.

It was during my practicing years of 1993 to 1997 that Ayanna was hired as a member of my medical team. She was an essential team member to both the Internal Medicine and Rheumatology front and back offices throughout the duration of her employment with me. She was proficient and skillful in covering the vast majority of both medical and clerical tasks. She was meticulously careful and accurate handling medical records, insurance verification and payments and my patients. Although Ayanna resigned from my office in 1997 we were able to maintain a friendship having her as my patient for the last 25 years.

Ayanna has not changed in her character as a responsible, ethical and credible person. She is full of integrity and sensibility. I appreciate this opportunity to be able to attest to my former colleague, patient and friend's character and positivity of her full life outside of these troubling circumstances. I pray that the court takes my statements into consideration when you think about and make reference to Ms. Ayanna Nesbitt. Thank you.



To Whom it May Concern:

This letter is a character reference in support of Ayanna H. Nesbitt. Ayanna is my niece. I've been intimately involved in her life since the day of her birth. I nurtured her as an infant. I watched her grow from a beautiful baby girl to a precocious toddler, into a respectful teenager, to a loving, honorable, and hard-working adult. I was present for the birth of her children, for their baptisms and for their college graduations.

Ayanna is the daughter of two ministers. They were proud, working-class professionals. Her parents lived an honorable life before her. Throughout her childhood, Ayanna was taught the golden rules, hard work, honesty, bearing the infirmities of the poor. Her parents taught her to love your neighbor, treat others as you would have them treat you, show compassion, be honest and just. These values were instilled in her at a very young age. As an active member of her parent's ministry, she volunteered in the community, visited the sick, gave food to the hungry, and helped shelter the homeless. Her father was a Vietnam Veteran and required his children to exhibit compassion for veterans and others who were wounded because of their service to our country. She learned at a very early age that service was her duty, a way of repaying those who made it possible for her to have the freedoms we enjoy. She currently volunteers at a local mental health service facility, offering social and emotional support to residents. During the height of COVID 19 she distributed masks to nursing facilities, mental health facilities, churches, and other public service organizations in her community.

Ayanna is the proud mother of two college educated daughters. As a single mother she worked hard to provide a wholesome and healthy home environment where they could grow. She assured that both of her daughters arrived at school ready to learn. They were clean, well nourished, warm in the winter and cool in the summer. She was a caring and protective mom. They were loved deeply. Their behavior modeled her behavior. They were superior students. Today, both of her daughters are educated professionals, contributing to the community where they live. When her aunt experienced an early and untimely death, Ayanna took on the responsibility of raising her teenage cousin, assuring that he attended school, had a safe place to live and food to eat. Likewise, her parents adopted a teenage daughter. Because her parents were older, Ayanna took on the role of big sister, role model, mentor and friend. Ayanna has a kind and compassionate heart. She is honest in her dealings with others.

Ayanna is a hard worker. I've watched her progress professionally over the years, holding positions of progressively more responsibility. She has always received superior ratings from her employers. Ayanna is a principled woman! She is known in the community as one who is trustworthy and dependable. She is a woman of integrity, a valued friend and confident.

It is with deep assurance, and a calm conviction that I offer this letter of support for Ayanna.



February 10, 2023

Dear Sir/Madame:

I enthusiastically offer this letter in support of Ayanna H. Nesbitt. I am Ayanna's uncle and have enjoyed being a part of her extended family for more than 30 years. As a new member of the Nesbitt/ family, Ayanna was first to extend an olive branch, welcoming me to the family.

Ayanna is courteous and respectful in all her encounters. She is first to say hello, first to say thank you, and first to offer her support. Ayanna has shown herself a trustworthy neighbor, honest in her dealings with neighbors and friends, reliable and a woman of valor. She is a good listener, a worthy friend. I've admired her steadfastness during happy times and during times of sorrow. She is always poised and has a steady and controlled head. During the height of the COVID pandemic, both of her parents passed away in the same month. She showed strength and resilience throughout that catastrophic ordeal. Always tending to the needs of others, Ayanna has taken on the responsibility of providing loving care and emotional support to her visually impaired sister.

Ayanna has shown perseverance and self-control through many bitter hardships. She is faithful and just. To all who may read this brief "… strength and honor are her clothing; and she shall rejoice in time to come. "



December 07, 2022

To: the Honorable Judge Matthew Kennelly

United States District Court for the Northern District of Illinois

My name is ███████████ I currently work ███████████████████████████████
████████████████████████████████████ I am more than willing to submit this character
letter for my dear friend Ms. Ayanna Nesbitt. I have known Ayanna for almost 35 years. We met as
teenagers before our children were born when both of our parents and grandparents were still living
and before life really started to unfold. I can reference her character as a woman, mother, daughter,
sister and friend. We have grown into adulthood together.

I watched her raise two daughters as a single parent ensuring they both had an immense amount of
unconditional love, support and the essentials required to grow into well-balanced, educated, self-
aware, God fearing, productive young ladies. She has cared for and supported her parents until sadly,
they both departed this earth within three weeks of each other. To this day Ayanna houses and supports
her only sister who is legally blind. She is her sole caretaker and the only family member her sister
trusts.

As a friend Ayanna has loved me unconditionally for almost 35 years. We both have grown and matured
together as women. She is a devote Christian, trustworthy and full of integrity. She has always
maintained a good job and provided for herself since we were 17 years old. Ayanna is extremely resilient
and always striving to be a better person. She has the most warm-hearted and witty sense of humor.
She is very intelligent and has a vast wealth of knowledge about things in life that makes me ask her,
how do you know that? Her sense of optimism is contagious. I am qualified to speak on it because we
have seen somber times where she has lifted me up in spirit more times than I can count during this
span of friendship. She inspires me to do better.

Ayanna is an irreplaceable piece to our puzzle. She is a rock in both her family and mine. I can go on for
dozens of letters about my friend, however at this time, I would like to express my deepest sincerity and
furthest out reach of support during this period of adversity. I pray that your Honor considers all of her
positive attributes and character traits when referencing Ayanna. I appreciate the opportunity to be able
to vouch to the genuineness of Ms. Ayanna Nesbitt.

Best regards,